ANNA McCORMICK et al., Respondents, v. WEST TREMONT ESTATES, INC., Appellant.

First Department, July 1, 1958.

*Solomon Boneparth* of counsel (*William J. Tropp,* attorney), for appellant.

*Benjamin H. Siff* of counsel (*Richard T. Graham,* attorney), for respondents.

VALENTE, J.  Plaintiffs, husband and wife, who were tenants in an apartment house owned by defendant, have recovered a judgment for personal injuries suffered by the wife.

Plaintiffs lived in section A of an apartment house which was divided into three sections: A, B and C.  On the ground or basement floor in section B, the landlord had provided coin-operated washing machines for the use of tenants.  Tenants in section A, who desired to use the washing machines in the basement of section B, had access to the room by means of a doorway in section C; but this would entail walking into the adjoining courtyard, going out into the street to the next courtyard and then entering through the door.  In the courtyard between sections A and B there was a window, three feet high and three feet wide, opening to the laundry room.  The lower sill of that window was one foot above the level of the courtyard.  On the inside, the window sill was about 51 inches above the floor level of the washing machine room.  On the floor of the room, under the window, the landlord maintained a box, filled with rubble, rocks or stones, which stood about 24 inches high.

For many years, with the knowledge of the landlord, tenants in section A, in order to save time and avoid the circuitous route to the door in section C, used the window as an alternative means to enter the laundry room, reaching the floor by lowering themselves to the box under the window.

The box arrangement had existed at least from 1941, when plaintiffs became tenants, and had been used thousands of times by the tenants, including both plaintiffs, before the accident in September, 1952. On the night of September 13, 1952, plaintiff, Mrs. McCormick, intending to use the washing machine in the laundry room, proceeded to utilize the window entrance. She testified that after assuming her position on the window sill, "I slid and put my right foot down on the box. I noticed the box there; and, as I did, as I went to get my left foot down, the box went and I went with it."

The proof to sustain the verdict in plaintiffs' favor is inadequate in two aspects. There was neither evidence as to any defect in the construction or maintenance of the box nor was there proof of any actual or constructive notice of any defect. To establish defendants' liability it was incumbent on plaintiffs to prove some defect in the box or in its maintenance which caused its toppling over. There was no testimony that the box broke, nor was there any evidence as to the condition or position of the box after the accident. As this court recently held in *Mendes* v. *Caristo Constr. Corp.* (5 A D 2d 268), there must be proof of a defect before liability can attach, and additionally that the defect was the proximate cause of the accident. What is more, the proof that the box had been used thousands of times over the years by various tenants without mishap is strong evidence that there was no inherent defective construction. The record is barren of any evidence upon which a contrary inference can be drawn.

Of significance is the testimony that plaintiff, Mrs. McCormick, just one hour before the accident, had entered the washing room via the window and box route without mishap; and that her husband, answering the cries of a witness who saw his wife fall, had rushed to the room by the same path and method.

We cannot accept plaintiffs' contention that the mere use of the box filled with stones as a step permitted an inference that it was defective. Again, there is no evidence from which a finding could be made that the box constituted a dangerous and defective condition per se. Any such claim, even if tenable, would invoke the irrefutable response that Mrs. McCormick's use of the window entrance and box step for over a period of 10 years must have apprised her of the nature of the box and its lack of permanent attachment to the wall, and her use at the time of the accident would present a question of her contributory negligence. Hence, to succeed, plaintiffs had to establish some specific defect in construction or maintenance of the box.

Moreover, the trial court charged the jury, without exception, that not only must there be proof of a defect but there must also be evidence that the landlord had actual or constructive notice of a defect. The record is barren of any testimony or evidence of actual or constructive notice of any alleged defect.

The judgment should, therefore, be reversed on the law and the facts, and a new trial directed, with costs to appellant.

Botein, P. J., Breitel, Rabin and Bergan, JJ., concur.

Judgment unanimously reversed upon the law and upon the facts, and a new trial ordered, with costs to appellant to abide the event.